UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 03-04 T |
| VLADIMIR MENDOZA | : | |

MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582( c )(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

NOW comes the defendant, Vladimir Mendoza, and moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant hereby incorporates by reference the attached memorandum of law in support of motion for sentence reduction.

VLADIMIR MENDOZA,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

# CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Kenneth Madden, AUSA and on Kristin Mattias, USPO on the 4th day of January, 2008.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 03-04 T

VLADIMIR MENDOZA :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582( c )(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Vladimir Mendoza, moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant states that:

1. On October 22, 2004, he was sentenced to a term of 70 months imprisonment after having pled guilty to Counts 1 and 2 of the indictment which charge the defendant with distribution in excess of 50 grams of cocaine base.

2. The total amount of cocaine base attributable to the defendant is 97.9 grams. See Plea Agreement, at ¶ 3.

3. Based upon the amendments to U.S.S.G. § 2D1.1, the defendant is entitled to a reduced offense level, a level twenty five, with a guideline range of 57 to 71 months.

4. Finally, pursuant to the decision of the United States Supreme Court in Kimbrough v. United States, 76 U.S.L.W. 4023 (U.S. December 10, 2007), the Court may consider a further reduction in Mr. Mendoza''s sentence, as the Supreme Court observed that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Slip Op. at 21.

VLADIMIR MENDOZA,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

# CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Stephen Dambruch, AUSA and on Kristin Mattias, USPO on the 4th day of January, 2008.

/s/ Edward C. Roy, Esquire