IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 03-004T |
| | : | |
| VLADIMIR MENDOZA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Vladimir Mendoza (Mendoza), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1 B1.10 and 2D1.1. Mendoza's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

Mendoza was arrested on March 2, 2004 following an investigation by the Drug Enforcement Administration (DEA) and the return of a grand jury indictment charging him with distribution in excess of 50 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count I) and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count II). Mendoza entered a guilty plea on April 21, 2004. His sentencing guidelines calculation was set at Offense Level 27, Criminal History Category I.[1] The sentencing range was 70-87 months imprisonment. He was sentenced on October 22, 2004 to the bottom of

[1] Under the Presentence Investigation Report, Mendoza was responsible for 97.9 grams of crack cocaine and 47.9 grams of heroin. His base offense level was 32. Mendoza received both safety valve (minus 2 levels) and acceptance of responsibility (minus three levels) adjustments for a total of five offense levels.

the range - 70 months imprisonment - and five years supervised release. At present, his projected release date by the Bureau of Prisons is March 30, 2009.

Mendoza claims that with a two-level downward adjustment under the crack cocaine amendments, his sentencing range is 57-71 months imprisonment. The government takes issue with these calculations and contends that even under the crack cocaine amendments, Mendoza's offense level remains at 27 with a sentencing range of 70-87 months imprisonment.

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They are effective March 3, 2008. Section 1B1.10 states, in part:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

(b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

Under U.S.S.G. § 2D1.1, as amended, certain steps apply for determining the base offense level in offenses involving crack cocaine and one or more other controlled substances. First, the base offense level for the quantity of cocaine base involved in the offense is determined. Second, using a marijuana equivalency table, the quantity of cocaine base involved in the offense is converted to a quantity of marijuana. Third, the marijuana equivalency for the other controlled substances is determined. Fourth, the marijuana equivalency for the cocaine base and the marijuana equivalency for the other controlled substances are added together. Under the Drug Quantity Table in § 2D1.1, this total amount of marijuana provides the combined base offense level. See, U.S.S.G. § 2D1.1 comment. n.10(D).

These calculations as applied to Mendoza are as follows:

1) The Drug Equivalency Table assigns a base offense level of 30 for 97.9 grams of cocaine base. U.S.S.G. § 2D1.1(c)(5).

2) Under the Marijuana Equivalency Table found at Note 10(D) of § 2D1.1, for a base offense level of 30, each gram of cocaine base is converted to 14 kilograms of marijuana. The conversion of 97.9 grams of cocaine base to marijuana results in 1370.6 kilograms of marijuana.

3) Heroin in the amount of 47.9 grams converts to an amount of marijuana equivalent to 47.9 kilograms. See, U.S.S.G. § 2D1.1 comment. n.10(E).

4) The total amount of marijuana equivalency is 1418.5 kilograms. Under the Drug Quantity Table of § 2D1.1(c)(4), 1418.5 kilograms of marijuana has a base offense level of 32.

Taking into account the original downward adjustments of five levels for safety valve and acceptance of responsibility, Mendoza's total offense level remains at level 27 as calculated under the amendments.

Where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., U.S.S.G. § 1B1.10(a)(2)(B); United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

As Mendoza's sentencing range has not been lowered under the amendments as applied, his motion should be denied.

Mendoza's request that in support of a further reduction of sentence This Court should take United States v. Kimbrough, 128 S.Ct. 588 (2007), into account should likewise be denied. The Court's authority to act upon Mendoza's motion is based entirely on the power conferred upon the Court by 18 U.S.C. § 3582(c)(2). Because Mendoza's sentencing range has not been lowered under the crack cocaine amendments, he derives no benefit from the action of the Sentencing Commission. Section 3582(c)(2) does not permit the Court to re-visit a defendant's sentencing in the absence of a "sentencing range that has subsequently been lowered by the Sentencing Commission."

WHEREFORE, the government requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden@usdoj.gov
Bar # 1680

CERTIFICATION

I hereby certify that on the 29th day of February, 2008, I electronically filed and served the Within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10, 2D1.1, to:

Edward C. Roy, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden@usdoj.gov
Bar # 1680