UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 03-04 T

VLADIMIR MENDOZA :

**DEFENDANT'S CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1**

Defense counsel hereby submits this consolidated memorandum of law in support of the defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10 and 2D1.1.

**1. The defendant is entitled to a two level reduction in his offense level because the amended offense level set out in the applicable guideline, U.S.S.G. § 2D1.1(c)(5), must prevail over the inconsistent drug equivalency table contained in the commentary to Section 2D1.1.**

The government claims that, despite the two level decrease in the base offense level set by the amendments to the Drug Quantity Table in U.S.S.G. § 2D1.1 for the quantity of cocaine base involved in this case, Mr. Mendoza is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2). In essence, the government claims that the cocaine base drug equivalency table ("crack equivalency table") set forth in the commentary to U.S.S.G. § 2D.1.1 should prevail over the Drug Quantity Table set forth in the guideline itself. The government's argument fails to consider the principle that a guideline must prevail where it conflicts with the commentary to that guideline. See Stinson v. United States, 508 U.S. 36, 38

(1993) (commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.) See also United States v. Labonte, 520 U.S. 751, 757-58 (1997); Neal v. United States, 516 U.S. 284, 292-95 (1996).

The four cases cited by the government in its memorandum did not deal with the issue presented here: whether a sentencing court, confronted with commentary that conflicts with the guideline itself, should grant a motion for sentence reduction based on the lower offense level called for by the guideline.

The crack equivalency table contained in the commentary to U.S.S.G. § 2D1.1 conflicts with the Drug Quantity Table for crack cocaine. The Drug Quantity Table reduces the disparity caused by the ratio between powder and crack cocaine by reducing the offense level for crack by two levels. On the other hand, the crack equivalency table, employs nine separate ratios for converting crack cocaine to a marijuana equivalency. In some, but not all cases, that table nullifies the reduction by reinstating the higher offense level.

The Drug Quantity Table in U.S.S.G. § 2D1.1 was amended to reduce the offense levels for crack cocaine offenses effective November 1, 2007. On December 13, 2007, the Commission voted to make the crack amendments retroactive. The net effect of the amendments to crack cocaine quantities was to reduce offense levels by two points. [1]

In its 2007 report to Congress, *Cocaine and Federal Sentencing Policy*, the Sentencing Commission described the policy considerations underlying the amendment to the drug

---

[1] United States Sentencing Commission, *Cocaine and Federal Sentencing Policy*, p. 9 (2007).

quantities for crack cocaine.

> The Commission concluded that the manner in which the Drug Quantity Table in U.S.S.G. § 2D1.1 was constructed to incorporate the statutory mandatory minimum penalties for crack cocaine offenses is an area in which federal sentencing guidelines contribute to the problems associated with the 100-to-1 drug quantity ratio.

United States Sentencing Commission, *Cocaine and Federal Sentencing Policy*, at p. 9 (2007).

The Commission drafted the amended Drug Quantity Table in U.S.S.G. § 2D1.1 as a solution to the above-described problem.

> In order to partially address some of the problems that are unique to crack cocaine offenses because of the 100-to-1 drug quantity ratio, crack cocaine quantities above and below the mandatory minimum threshold quantities will be adjusted downward by two levels.

United States Sentencing Commission, *Cocaine and Federal Sentencing Policy*, p. 9 (2007).

The only reference in the Commission's 2007 Report to the crack equivalency table is in a footnote that states "[t]he amendment also includes a mechanism to determine a combined offense level in an offense involving crack cocaine and other controlled substances." United States Sentencing Commission, *Cocaine and Federal Sentencing Policy*, n. 29. (2007). The Commission has yet to offer any explanation for the anomalous results created by the crack equivalency table in U.S.S.G. § 2D1.1, comment, (n.10).

**2. The amended crack equivalency table in the commentary to U.S.S.G. § 2D1.1 creates an anomalous, unfair result in this case.**

Under the amended Drug Quantity Table set out in U.S.S.G. § 2D1.1, the defendant's offense level for distribution of 97.9 grams of crack cocaine would be a level 30, a two level reduction from the level 32 assigned at the initial sentencing. Level 30 in the amended drug quantity table is applicable where the quantities of crack are between 50 and 150 grams. In

contrast, for powder cocaine cases, level 30 is triggered by amounts between 3.5 and 5 kilograms.

It is important for the court to note that, in this case, Mr. Mendoza's offense level would rise from 30 to 32 if he possessed a single gram of heroin. Mr. Mendoza plead guilty to distributing 97.9 grams of cocaine base. As stated above, 97.9 grams of cocaine base falls within level 30 of the amended Drug Quantity Table in Section 2D1.1. The addition of one gram of heroin, or of cocaine powder, would trigger the crack equivalency table, which would cause the offense level to rise to 32 as the cocaine base would then be converted to marijuana by the each gram of cocaine base being multiplied by 14 kilograms of marijuana. This calculation yields a marijuana equivalency of 1,370.6 kilograms of marijuana. The single gram of heroin would convert to one kilogram of marijuana, which would raise the total marijuana equivalent to 1,371.60 kilograms of marijuana, an amount that is found at level 32 of the Drug Quantity Table.

Three courts, at initial sentencings, have found the crack drug equivalency table to create anomalous and irrational results.

Describing the result produced by the crack equivalency table as "counterintuitive", the United States District Court for the District of Maine, in United States v. Horta, __ F. Supp. 2d __, 2008 WL 445893 (D. Me. Feb. 19, 2008), refused to apply the table and sentenced the defendant to a non-guideline sentence. In Horta, the District Court expressed its frustration with the seemingly irrational results stemming from application of the crack drug equivalency table to crack cocaine cases.

> The Court is at a loss. There does not appear to be any rational basis for this differential treatment of similarly situated defendants. Imposing harsher sentences for those who sell other illegal drugs with crack cocaine is a legitimate goal, but sporadically including only a smattering of such defendants for harsher treatment is not.

Id., at 8-9.

In United States v. Watkins, 531 F. Supp. 2d 943 (E.D. Tenn. 2008), the District Court analyzed the many anomalous results that were produced by the drug equivalency table in concluding that it should impose a sentence lower than that called for by application of the Table.

> As the above analysis demonstrates, the operation of the crack conversion rate in this case results in an anomalous and disproportionate sentence. The Court must determine the appropriate Guideline for Defendant, taking into account the text, structure and underlying philosophy of the Guidelines. See 18 U.S.C. § 3553(a)(6).

Id., at 14.

In United States v. Molina, slip op., 2008 WL 544703 (E.D. N.Y. Feb. 28, 2008), the District Court for the Eastern District of New York described the results of applying the crack drug equivalency table as "an unfortunate consequence of the United States Sentencing Commission's decision to prioritize administrability over consistency in setting offense levels for crimes involving more than one controlled substance". Slip Op. At 1. In *dictum*, the Molina court did suggest that a defendant arguing a motion for sentence reduction under 18 U.S.C. 3582(c)(2) might not prevail based on arguing the anomalies created by the crack equivalency table. Slip Op. at 8. This brief reference does not alter the court's conclusion that the crack equivalency table created a "bizarre and unjustified outcome." Id., at 3.

One district court, in an 18 U.S.C. § 3582(c)(2) motion for sentence reduction based on the retroactive application of the crack guideline amendments, ordered the reduction of a previously-imposed sentence in a case involving cocaine base and marijuana. See United States v. Comer, CR. No. 2:99 - 199 (N.D. Ind. March 3, 2008) ( motion for reduction and order

granting motion are attached as Exhibit 1).[2] In Comer, had the district court applied the crack equivalency table in the manner advocated by the government here, the motion would have been denied.

**C. Conclusion.**

The Sentencing Commission attempted to enact a solution to the long-standing, much-criticized powder/crack cocaine disparity by amending the Drug Quantity Table contained in U.S.S.G. § 2D1.1 to reduce the disparity. Application of the crack equivalency table contained in the commentary to Section 2D1.1 eliminates the solution, a result that is both illogical and inconsistent with the principle enunciated in Stinson, *supra*, that a guideline should prevail where it conflicts with the commentary to that guideline.

Respectfully, the defendant would urge the court to grant this motion and direct that the offense level for Count One be reduced from 32 to 30. Further, the defendant would ask the court to find that the defendant should receive a 3 point reduction for acceptance of responsibility as well as a 2 point reduction for the "Safety Valve", under U.S.S.G. § 5C1.2. After these reductions, the net offense level for Mr. Mendoza would be at level 25, yielding a sentencing range of 57 to 71 months. Counsel would request that the court sentence Mr. Mendoza to the low end of the sentencing range, 57 months. This reduction would amount to time served.

---

[2] Note: While the caption on the enclosed documents lists the last name of the defendant as "Comer", on PACER the case is identified as "COMMER".

VLADIMIR MENDOZA,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

**CERTIFICATION**

I hereby certify that I caused a copy of the within to be served upon Luis Matos, FAUSA on the1st day of April, 2008 by way of ECF case filing.

/s/ Edward C. Roy, Esquire

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.** **CASE NUMBER: 2:99 CR 119**

**TYRAN COMER**

**Defendant.**

**MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE**

Comes now the petitioner, Tyran Comer, by counsel, and petitions the Court for a modification of his sentence. In support of the proposed sentence modification, the petitioner would show the following:

1. On January 27, 2000, the petitioner was sentenced to 135 months imprisonment. (DR #40).

2. Petitioner's sentence was based upon the United States Sentencing Guidelines for crack cocaine that were in effect on that date. The petitioner was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), after which the guidelines became advisory rather than mandatory. At the time of his sentencing, the petitioner's total offense level was 31 and the petitioner's criminal history category was III. The petitioner's previous guideline range was 135 to 168 months. The petitioner was sentenced at the low end of the then-existing guidelines.

3. Under the sentencing guidelines effective November 1, 2007, the petitioner's criminal history category would still be category III, but his

offense level should be 29. When promulgating the crack amendment, the United States Sentencing Commission created a mathematical anomaly in some cases where crack cocaine and marijuana were present and factored into the total offense level. (See Exhibit 1 - article entitled "Faulty Math in New Cocaine Base Equivalency Table" dated January 18, 2008). As the District Court is fully aware, the sentencing guidelines require a conversion to a marijuana quantity when multiple drugs exist. (See Sentencing Guideline 2D1.1, Application Note 10(D) ). As reflected in the defendant's Presentence Report, the defendant's base offense level was calculated by combining both crack cocaine and a relatively small amount of marijuana. Despite the commission's desire to reduce defendants' sentences involving crack cocaine offenses, the commission clearly failed to realize that mathematical errors existed during the conversion from crack cocaine to marijuana drug quantities. This unintentional discrepancy exists in this case.

4. Since the Sentencing Commission clearly did not intend to disallow relief in cases like the defendant's where, despite a small amount of marijuana, the conversion from crack cocaine to marijuana precludes a two level reduction. Under these circumstances, the District Court should exercise its discretion under *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), and reduce the defendant's total offense level by two levels.

5. If granted a two level reduction consistent with the clear intention of the United States Sentencing Commission when amending Sentencing Guideline 2D1.1, the defendant's modified guideline range would be between 108 to 135 months imprisonment. Since the defendant was sentenced to the low end of the then existing guidelines at the time of his sentencing hearing, the defendant should similarly be sentenced to the low end of the guideline range which would be 108 month imprisonment.

6. According to the Federal Bureau of Prisons, the petitioner's projected release date is May 6, 2009. Since an application of the amended guidelines would reduce the petitioner's sentence by 27 months, the petitioner would be eligible for immediate release on March 3, 2008.

For all the foregoing reasons, petitioner Tyran Comer respectfully requests that the Court modify his sentence immediately so that it reflects the sentencing guidelines effective November 1, 2007. Petitioner also requests that he be sentenced to the low end of the November 1, 2007 guidelines consistent with his previous sentence, that his previous sentence be reduced by 27 months, and that a modified sentence of imprisonment of 108 months be imposed.

Respectfully submitted,

Northern District of Indiana
Federal Community Defenders, Inc.

By: s/ Jerome T. Flynn
Jerome T. Flynn
31 East Sibley Street
Hammond, IN 46320
Phone: (219) 937-8020
Fax: (219) 937-8021

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

David E Hollar
david.hollar@usdoj.gov

Randall M Stewart
Randall.Stewart@usdoj.gov

and I hereby certify that I have mailed the document by U.S. Postal Service to the following non CM/CM/ECF participants:

s/ Jerome T. Flynn

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 2:99-CR-119 |
| | ) | |
| TYRAN COMER | ) | |

**ORDER REGARDING MOTION FOR SENTENCE REDUCTION**
**PURSUANT TO 18 U.S.C. § 3582(C)(2)**

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, which is unopposed, **IT IS ORDERED** that the motion is **GRANTED** and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 135 months **is reduced to time served.**

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to any departures)

| | |
|---|---|
| Previous Offense Level: 31 | Amended Offense Level: 29 |
| Criminal History Category: III | Criminal History Category: III |
| Previous Guideline Range: 135-168 mo. | Amended Guideline Range: 108-135 mo. |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

The reduced sentence is within the amended guideline range.

**III. ADDITIONAL COMMENTS**

N/A

Except as provided above, all provisions of the judgment dated March 10, 2000, shall remain in effect.

**IT IS SO ORDERED.**

**ORDER DATE: March 3, 2008**
**EFFECTIVE DATE: March 13, 2008**

/s/RUDY LOZANO, Judge
United States District Court