IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 03-004T |
| | : | |
| VLADIMIR MENDOZA | : | |

GOVERNMENT'S SECOND SUPPLEMENTAL RESPONSE
TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1

The government makes this second supplemental response for the Court's consideration.

On April 16, 2008, the United States Sentencing Commission again amended the guidelines as they affect the calculation of the offense level and guideline range for offenses involving cocaine base and one or more additional controlled substances. Under this most recent amendment (designated Amendment 715), the offense level for offenses involving cocaine base and at least one other controlled substance is determined in much the same manner as offenses involving any two or more controlled substances.[1] In crack cocaine cases, there is, however, one additional calculation to be performed. Under the new amendment, the crack cocaine and the other controlled substance(s) are each converted to a quantity of marijuana. The quantities of marijuana are combined to arrive at a combined offense level. That offense level is then reduced by an additional two offense levels to arrive at the base offense level. U.S.S.G. § 2D1.1 comment. n.10(B) and (D).

[1] There are three exceptions which the government will subsequently address.

Amendment 715 becomes effective May 1, 2008 and is made retroactive under U.S.S.G. § 1B1.10.

Section 1B1.10 states, in part:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement and thus is not authorized.
>
> (b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

Amendment designated as 715 of Appendix C is a covered amendment under U.S.S.G. § 1B1.10.

As previously noted, Mendoza's offenses involved 97.9 grams of crack cocaine and 47.9 grams of heroin. His base offense level was 32. Mendoza received both safety valve (minus 2 levels) and acceptance of responsibility (minus three levels) adjustments for a total of five offense levels. His sentencing guidelines calculation was set at Offense Level 27, Criminal History Category I. The sentencing range was 70-87 months imprisonment. He was sentenced on October 22, 2004 to the bottom of the range - 70 months imprisonment - and five years supervised release.

In Mendoza's case, as the amendments are applied, 97.9 grams of cocaine base converts to 1958 kilograms of marijuana, and 47.9 grams of heroin converts to 47.9 kilograms of

marijuana.[2] The total amount of marijuana is 2005.9 kilograms. This quantity yields a combined base offense level of 32. This offense level is reduced a further two levels to offense level 30.[3] After the five-offense level adjustment is applied, the total offense level stands at 25. The resulting guideline range is 57-71 months imprisonment, not 70-87 months imprisonment as it existed prior to this latest amendment.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden@usdoj.gov
Bar # 1680

---

[2] One gram of crack cocaine equals 20 kilograms of marijuana; one gram of heroin equals one kilogram of marijuana.

[3] The exceptions to the two-level reduction are inapplicable here. The quantity of crack cocaine does not exceed 4.5 kilograms, nor is it less than 250 milligrams. Further, the offense level for solely 47.9 grams of heroin is 20. The combined offense level for the crack cocaine and the heroin (level 32) is not less than the offense level for the heroin alone (level 20). Therefore, the combined offense level for both drugs remains at level 30.

CERTIFICATION

I hereby certify that on the 28th day of April, 2008, I electronically filed and served the Within Government's Second Supplemental Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10, 2D1.1, to:

Edward C. Roy, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden@usdoj.gov
Bar # 1680